**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | CASE NO: 5:18-CR-111 |
| ) | |
| v. ) | Judge Dan Aaron Polster |
| ) | |
| **JOHNNY C. BROWN, JR.,** ) | **OPINION AND ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court is Defendant Johnny C. Brown, Jr.'s Motion for Compassionate Release, **Doc #: 45**. Brown pleaded guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841, 846, and subsequently was sentenced to 57 months in the custody of the Bureau of Prisons. Doc. #: 34. Brown currently is held at Federal Correctional Institute Morgantown ("FCI Morgantown").[1]

Brown asks the Court to reduce his sentence so that he may be released because he has severe asthma and therefore his continued confinement during the COVID-19 pandemic poses a serious threat to his health and safety. Doc #: 45 at 2; Doc. #: 47 at 1.

A court may consider a motion for sentence modification upon:

> [M]otion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A).

---

[1] Brown asserts he will soon be transferred to FCI Elkton. Doc. #: 45 at 4. The government states it is not aware how Brown's transfer from FCI Morgantown is impacted by COVID-19. Doc. #: 46 at 3 n.3.

Brown does not expressly claim to have satisfied this exhaustion requirement. Rather, he asserts the requirement "appears to be" non-jurisdictional and subject to judicial discretion. Doc. #: 45 at 3. Brown states he has "pursued his rights and extraordinary circumstances have stood in his way," and therefore the Court should "toll" the statutory requirement. *Id.* In essence, Brown asks the Court to waive the requirement.

This Court previously has concluded the exhaustion requirement in § 3582(c)(1)(A) is mandatory and not waivable or subject to discretion. *See, e.g.*, *United States v. Allen*, No. 1:19-cr-98-10, 2020 WL 1878774, at *1 (N.D. Ohio Apr. 15, 2020) (citing *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016)) ("Mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion."). Congress clearly instructed that a court may not modify a term of imprisonment unless the defendant satisfies the exhaustion requirement. *Id.*

The cases cited by Brown are not to the contrary. In *Kontrick v. Ryan*, the Supreme Court discussed, but declined to reach, whether certain bankruptcy claims rules are subject to equitable tolling. 540 U.S. 443, 457 (2004). *Hamer v. Neighborhood Housing Services of Chicago* likewise did not determine that non-jurisdictional mandatory claim-processing rules are subject to equitable exceptions. *See* 138 S. Ct. 13, 18 n.3 (2017). Finally, *Pace v. DiGuglielmo* makes clear that even if § 3582(c)(1)(A) were subject to equitable exceptions, Brown is not entitled to such exceptions because he makes no showing that he has been "pursuing his rights diligently." 544 U.S. 408, 418 (2005). Brown does not state that he asked the BOP to make a motion on his behalf; he does not identify any steps he took to obtain relief through the BOP.

This Court is sympathetic to Brown's position. His fears regarding confinement during COVID-19 undoubtedly are legitimate, especially because he has asthma. However, the existence of a pandemic does not authorize courts to usurp the BOP's authority and empty prisons. The BOP,

not this Court, has the most up-to-date knowledge on the status of COVID-19 in its prisons and what remedial measures are required. Fortunately, as of this date, there do not appear to be any confirmed cases of COVID-19 at FCI Morgantown.[2] *Covid-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited May 21, 2020).

Ultimately, § 3582(c)(1)(A) contains a statutory exhaustion requirement. Brown has not satisfied, and the Court does not have the authority to waive or toll, this requirement. Thus, the Court cannot review the Motion, **Doc #: 45**, and therefore it is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster  May 21, 2020*
**Dan Aaron Polster**
**United States District Judge**

---

[2] The Court acknowledges Brown's concern regarding a possible transfer to FCI Elkton. Judge Gwin has ordered that certain persons, including those with moderate to severe asthma, who are incarcerated at Elkton be given compassionate release, home release, parole, community supervision, or, if ineligible for any of those, be transferred to another BOP facility. *Wilson v. Williams*, Case No 4:20-cv-794, Doc. ##: 22, 85. Thus, if Brown is transferred and his medical condition qualifies him to relief under Judge Gwin's order, his concerns will be addressed.