**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | **CASE NO: 5:18-CR-111** |
| ) | |
| **v.** ) | **Judge Dan Aaron Polster** |
| ) | |
| **JOHNNY C. BROWN, JR.,** ) | **OPINION AND ORDER** |
| ) | |
| **Defendant.** ) | |
| ) | |

Before the Court is Defendant Johnny C. Brown, Jr.'s Motion for Reconsideration,[1] **Doc #: 49**. For the following reasons, Brown's Motion is **DENIED**.

**I.  Background**

Brown pleaded guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841, 846, and subsequently was sentenced to 57 months in the custody of the Bureau of Prisons. Doc. #: 34. Brown currently is held at Federal Correctional Institute Morgantown ("FCI Morgantown") and has an expected release date of May 17, 2023.[2]

Brown first filed a motion for compassionate release on May 4, 2020. Doc #: 45. This Court denied Brown's Motion because he failed to satisfy 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement. Doc #: 48. Brown has now satisfied the exhaustion requirement and so again asks the Court for compassionate release. Doc #: 49.

---

[1] Brown's motion is more properly characterized as a second motion for compassionate release.
[2] Brown asserts he will soon be transferred to FCI Elkton. Doc. #: 45 at 4. The government states it is not aware how Brown's transfer from FCI Morgantown is impacted by COVID-19. Doc. #: 46 at 3 n.3.

**II.     Discussion**

Under § 3582(c)(1)(A)(i), before granting a sentence modification, a court must find: (1) extraordinary and compelling reasons warrant a sentence modification; (2) the defendant is not a danger to the safety of any other person or the community, and (3) the reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a). *United States v. Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5 (N.D. Ohio Apr. 7, 2020).

Extraordinary and compelling reasons for sentence modification exist under four categories set forth at U.S.S.G. § 1B1.13 Application Note 1. Here, the only relevant category is the fourth category, labeled "other reasons." *Id.* at 8. To determine whether other reasons warrant sentence modification, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak. *Id.*

The Court is not confident that Brown's circumstances present extraordinary and compelling reasons for a sentence modification. Brown contends that his asthma and pulmonary disease puts him at high risk of COVID-19 and that he will soon be transferred to FCI Elkton, which is experiencing a COVID-19 outbreak. Doc #: 49 at 2-3. Brown's references to asthma and pulmonary disease are insufficiently specific to determine whether they are COVID-19 risk factors.[3] And Brown is currently housed at FCI Morgantown, which has no COVID-19 cases.

Regardless of whether Brown's circumstances present extraordinary and compelling reasons for a sentence modification, he is not entitled to compassionate release because the

---

[3] The Centers for Disease Control and Prevent provides that people with chronic obstructive pulmonary disease are at increased risk of severe illness from COVID-19 and that people with moderate-to-severe asthma might be at increased risk of severe illness from COVID-19. *People of Any Age with Underlying Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited 7/6/2020).

reduction is not appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a). A court must already consider these factors when sentencing a defendant. Upon a motion for compassionate release, a court must determine whether the changed circumstances cause the § 3553(a) factors to be weighed differently. Generally, the § 3553(a) factors favor release when a high-risk defendant being held in a prison experiencing a severe COVID-19 outbreak has less than a year of their sentence remaining. *Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at 10. Here, Brown has more than a year of his sentence remaining. Thus, the § 3553(a) factors do not support granting compassionate release.

### III. Conclusion

For the above reasons, Brown's Motion, **Doc #: 49**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster July 7, 2020*
**Dan Aaron Polster**
**United States District Judge**