**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | **CASE NO: 5:18-CR-111** |
| **Plaintiff,** ) | |
| ) | **Judge Dan Aaron Polster** |
| **v.** ) | |
| ) | **OPINION AND ORDER** |
| **JOHNNY C. BROWN, JR.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

Before the Court is Defendant Johnny C. Brown, Jr.'s Emergency Motion for Compassionate Release/ Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), **Doc #: 51**. For the following reasons, Brown's Motion is **DENIED**.

**I.    Background**

Brown pleaded guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841, 846, and subsequently was sentenced to 57 months in the custody of the Bureau of Prisons. Doc. #: 34. Brown currently is held at Federal Correctional Institute Morgantown ("FCI Morgantown") and has an expected release date of May 17, 2023.

Brown first filed a motion for compassionate release on May 4, 2020. Doc. #: 45. This Court denied Brown's Motion because he failed to satisfy the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A). Doc. #: 48. After satisfying the exhaustion requirement, Brown renewed his request for compassionate release. Doc. #: 49. This Court denied the second Motion, finding sentence reduction is not appropriate considering the sentencing factors in 18 U.S.C. § 3553(a). Doc. #: 50 at 2–3. Brown now again asks the Court to reduce his sentence so that he may be released. Doc. #: 51.

## II. Discussion

Under § 3582(c)(1)(A)(i), before granting a sentence modification a court must find: (1) extraordinary and compelling reasons warrant a sentence modification; (2) the defendant is not a danger to the safety of any other person or the community; and (3) the reduction is appropriate considering the § 3553(a) factors. *See United States v. Hardin*, No. 19-cr-240, Doc. #: 25 at 4 (N.D. Ohio May 22, 2020). This Court already has determined reduction is not appropriate considering the § 3553(a) factors and therefore Brown does not satisfy § 3582(c)(1)(A)(i). Doc. #: 50. Nothing in Brown's instant Motion changes this conclusion.

Generally, § 3553(a) factors favor release when a high-risk defendant being held in a prison experiencing a severe COVID-19 outbreak has less than a year of their sentence remaining, *United States v. Hardin*, No. 1:19cr240, 2020 U.S. Dist. LEXIS 90855, at *10 (N.D. Ohio Apr. 7, 2020). As the Court already has stated, because Brown has more than a year of his sentence remaining, reduction is not appropriate. Doc. #: 50 at 2. Moreover, the only new, possibly relevant fact Brown presents in his Motion is that there is now one confirmed case of COVID-19 in a staff member at FCI Morgantown. Doc. #: 51 at 13. According to the BOP website, that staff member has recovered, and no additional cases have been reported. *Covid-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Aug. 18, 2020). Thus, the Court declines to find FCI Morgantown is experiencing a severe outbreak.

## III. Conclusion

For the above reasons, Brown's Motion, Doc. #: 51, is **DENIED**.

**IT IS SO ORDERED.**

                                          */s/ Dan Aaron Polster August 18, 2020*
                                          **Dan Aaron Polster**
                                          **United States District Judge**