**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CASE NO: 18-CR-111 |
| v. | ) Judge Dan Aaron Polster |
| JOHNNY BROWN, | ) **OPINION AND ORDER** |
| Defendant. | ) |

**MEMORANDUM**

Before the Court is Defendant Johnny Brown's motion to reduce his sentence pursuant to 18 U.S.C § 3582(c)(1)(A), **Doc. ##: 53-54**. For the following reasons, Brown's Motion is **DENIED**.

### I. Background

Much of this background is taken from the Court's prior opinions regarding Brown's request for compassionate release. *See* Doc. ##: 48, 50, 52. Brown pleaded guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841, 846, and subsequently was sentenced to 57 months in the custody of the Bureau of Prisons. Doc. #: 34. Brown is currently held at Federal Correctional Institute Morgantown ("Morgantown") and has an expected release date of May 17, 2023.[1]

This is Brown's fourth request for compassionate release. *See* Doc. #: 45-54. Brown first filed a motion for compassionate release on May 4, 2020. Doc. #: 45. This Court denied Brown's Motion because he failed to satisfy the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A). Doc. #: 48. After satisfying the exhaustion requirement, Brown renewed his request for

---

[1] *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited January 4, 2021).

1

compassionate release. Doc. #: 49. This Court denied the second Motion, finding sentence reduction is not appropriate considering the sentencing factors in 18 U.S.C. § 3553(a). Doc. #: 50 at 2–3. A month later, Brown refiled his request for compassionate release for a third time. The Court denied the third motion, finding that Morgantown is not experiencing a severe outbreak. *See* Doc. #: 52. The Court also noted that it is doubtful that a reduction is appropriate considering the sentencing 18 U.S.C. § 3553(a) factors. *Id*. Brown now again asks the Court to reduce his sentence so that he may be released. Doc. #: 53-54.

## DISCUSSION

Three situations justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice." *Hamilton v. Gansheimer*, 536 F. Supp. 2d 825, 842 (N.D. Ohio 2008); *see United States v. Miller*, 697 F. App'x 842, 843 n.1 (6th Cir. 2017). Courts should not reconsider prior decisions where the motion for reconsideration proffers new arguments that could have been discovered and offered during the initial consideration of the issue. *Id.*

Here, the Court does not find it necessary to reconsider its prior decisions regarding this matter. The Court acknowledges that since the Court's August 18, 2020 Order, the Sixth Circuit issued *United States v. Jones*, 2020 U.S. App. LEXIS 36620 (6th Cir. Nov. 20, 2020). However, *United States v. Jones* does not change the outcome of the Court's prior decisions. *See* Doc. ##: 48, 50, 52.

Brown's Motion offers evidence regarding the current conditions at Morgantown relating to the COVID-19 pandemic.[2] As of today, there are 6 active COVID-19 cases among the inmate

---

[2] The Court is also in receipt of Brown's mother, Tameka Burros, letter regarding his Motion.

2

population, and 4 active staff members COVID-19 cases at Morgantown.[3] The Court finds this evidence does not satisfy the second prong of the "extraordinary and compelling reasons" test. *See United States v. Jones*, No. 20-3701, 2020 U.S. App. LEXIS 36620, at *19 (6th Cir. Nov. 20, 2020) ("Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion.").[4] While it is true that Morgantown has suffered a severe outbreak in the past, it appears that Morgantown is successfully taking preventative actions.[5] Furthermore, as stated in its August 18, 2020 Order, the Court has already determined that reduction is not appropriate considering the § 3553(a) factors.[6] *See* Doc. #: 52. Nothing in Brown's instant Motion changes this conclusion. *Id*.

## CONCLUSION

For the above reasons, Brown's Motion, **Doc #: 53-54**, is **DENIED.**

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster January 4, 2021*
**Dan Aaron Polster**
**United States District Judge**

---

[3] COVID 19 Coronavirus, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (visited on January 4, 2021).

[4] Brown suffers from asthma, a medical condition that may pose an increased risk for severe illness from COVID-19. Therefore, the Court finds that Brown satisfies the first prong of the "extraordinary and compelling reasons" test. *See* People of Any Age with Underlying Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited January 4, 2021).

[5] As of today, 116 inmates and 14 staff members recovered from COVID-19 at Morgantown. *See* COVID 19 Coronavirus, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (visited on January 4, 2021).

[6] Brown has been convicted of five criminal offenses involving illegal drugs since the age of 18. *See* Doc. #: 33.